USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAN ROSARIO,<br><br>                            Plaintiff,<br><br>                  -v.-<br><br>BURNSED TRUCKING INC.,<br><br>                           Defendant. | 21 Civ. 7347 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

On September 1, 2021, Defendant Burnsed Trucking Inc. filed a Petition for Removal ("Petition") of this action from the Supreme Court of New York, Bronx County. The Petition invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Pet. at 1, ECF No. 1. Removal jurisdiction exists only if the action is one over which the district court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). Diversity jurisdiction lies where complete diversity of citizenship among the parties is present and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The "burden of establishing [diversity] jurisdiction" is on the party who seeks to remove. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019); *Hines v. Azoth Inv. SPC Ltd.*, No. 21-CV-10309 (VSB), 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022).

Defendant asserts that diversity jurisdiction lies "by reason of the complete diversity of citizenship of the parties." Pet. at 1. Defendant alleges that "complete diversity of citizenship exists between the parties" because Defendant is incorporated and has a principal place of business in Florida and "plaintiff is a New York resident." *Id.* at 2. However, the Complaint does not include any allegations establishing diversity of citizenship, and the Petition merely asserts that Plaintiff's residence is in New York. *See id.* at 2 (referencing Plaintiff's "No-Fault

benefits application" that includes Plaintiff's address in New York, *see* Pet. Ex. B, as "an admission and proof as to plaintiff's residence"). That is not sufficient, as "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir. 1997). Thus, Defendant was required to allege Plaintiff's state of *citizenship*, not merely his state of residency.

When a complaint fails to properly allege jurisdiction, the court may "allow a complaint to be amended to assert" those "facts necessary to the establishment of diversity jurisdiction." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009). Alternatively, "when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties," the court "may simply deem the pleadings amended so as to properly allege diversity jurisdiction." *Id.*; *see, e.g.*, *Canedy*, 126 F.3d at 103 (deeming pleadings amended so as to allege diversity jurisdiction based on parties' affidavits regarding domicile).[1]

Accordingly, by **April 10, 2023**, Defendant shall file an affidavit, along with supporting exhibits, if any, attesting to any facts relevant to the citizenship of Plaintiff (at the time of commencement of the state court action and of the Petition for Removal). By **April 18, 2023**, Plaintiff may also file an affidavit addressing any facts included in Defendant's affidavit or that are otherwise relevant to the diversity analysis.

---

[1] In a March 17, 2023 joint status letter, the parties request extensions of their expert discovery deadlines in order for Plaintiff to retain a vocational rehabilitation expert, to permit Defendant to conduct an examination for which Plaintiff previously failed to appear, and to allow Defendant to exchange its experts. ECF No. 40. That request does not comply with Rule 2.E of the Court's Individual Rules and Practices in Civil Cases. If the Court does not dismiss this action for lack of subject matter jurisdiction, the parties may request an extension of the expert discovery deadlines by letter-motion in accordance with the Court's Rules.

If complete diversity of citizenship has not been alleged by April 18, 2023, including by Defendant's failure to file any papers in response to this Order, the Court will remand the case for lack of subject matter jurisdiction without further notice to the parties.

SO ORDERED.

Dated: March 27, 2023
       New York, New York

                                       JENNIFER H. REARDEN
                                       United States District Judge