UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAN ROSARIO,

                Plaintiff,

-v.-

BURNSED TRUCKING INC.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2023

21 Civ. 7347 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      On March 27, 2023, the Court ordered Defendant to show cause why the case should not be remanded to the Supreme Court of New York, Bronx County, for lack of subject matter jurisdiction. ECF No. 42 (Order). Although the Petition for Removal (the "Petition") and Complaint invoked the Court's diversity jurisdiction, 28 U.S.C. § 1332(a), *see* ECF No. 1 (Pet.), neither the Complaint nor the Petition adequately alleged the diversity of citizenship between the parties. *See* Order. The Court therefore ordered Defendant to file an affidavit addressing the citizenship of the parties (at the time of commencement of the state court action and of the Petition). *Id.* at 2. In addition, Plaintiff was permitted to "file an affidavit addressing any facts included in Defendant's affidavit or that [we]re otherwise relevant to the diversity analysis." *Id.*

      On April 5, 2023, in response, Defendant filed a declaration and supporting documents. ECF No. 43 (Hsu Decl.); *id.* Exs. A-D. Defendant attests that, because "Plaintiff is a permanent resident alien and thus, a citizen of a foreign state, and Defendant is a citizen of Florida, there is complete diversity, and thus, this Court has subject matter jurisdiction over this action." Hsu Decl. ¶ 9. Although Defendant asserts that Plaintiff is a non-citizen and permanent resident of the United States, and that Plaintiff lived in the Dominican Republic prior to moving to his current residence in New York (which supposedly was his residence at the time of the Complaint

and of the Petition), Defendant has not alleged Plaintiff's country of citizenship. *See id.* ¶¶ 5-7 (citing *id.* Exs. B, C). Plaintiff has not responded to the Order or to Defendant's submission.

Defendant has not sufficiently alleged diversity of citizenship of the parties under 28 U.S.C. § 1332(a). Defendant was required to allege the specific "foreign state" of which Plaintiff is a "citizen[] or subject[]." 28 U.S.C. § 1332(a)(2); *see Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship."); *Blair Holdings Corp. v. Rubinstein*, 133 F. Supp. 496, 498-500 (S.D.N.Y. 1955) (a "foreign state[]" or "citizens or subjects" thereof under § 1332(a)(2) are "intended to refer to . . . citizens or subjects of some specific foreign state").

By **July 12, 2023**, Plaintiff shall file an affidavit addressing his country of citizenship at the time of the filing of the Complaint in the Supreme Court of the State of New York and at the time of removal. *See*, *e.g.*, *Mitchell v. City Express Limousine, LLC*, No. 17-CV-04490 (SHS), 2017 WL 2876313, at *3 (S.D.N.Y. July 6, 2017) (ordering each party to submit a sworn statement as to their respective citizenships at the time of commencement of the state court action and at the time of removal).[1]

SO ORDERED.

Dated: June 28, 2023
New York, New York

JENNIFER H. REARDEN
United States District Judge

---

[1] The Court is in receipt of the parties' joint letter-motion for an extension of the expert discovery deadlines. ECF No. 44. Should the Court not dismiss this action for lack of subject matter jurisdiction, the Court will address that letter-motion.